IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anna Tollison, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>Subway Restaurants, Inc., Franchise World Headquarters, LLC, Subway Franchisee Advertising Trust Fund Ltd.,<br><br>      Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Anna Tollison, by and through her undersigned counsel, upon personal knowledge as to herself and upon information and belief as to all other matters, allege as follows:

1. Plaintiff brings this action against defendants Subway Restaurants, Inc., Franchise World Headquarters, LLC, Subway Franchisee Advertising Trust Fund Ltd. (defendants are herein referred to as "Subway"), on behalf of herself and all other similarly situated individuals who purchased a Steak & Cheese sandwich (the "Product"), from a Subway located in New York during the period October 28, 2021, through the date of the final disposition of this action.

## FACTUAL ALLEGATIONS

2. This is a class action against Subway for unfair and deceptive trade practices for selling its Steak & Cheese sandwich based on false and misleading advertisements concerning the amount of meat contained therein.

3. Subway uses photographs in its advertisements that make it appear that the Steak & Cheese sandwich contains at least 200% more meat than the actual sandwiches that customers receive.

4. For example, Subway's advertisement for the Steak & Cheese sandwich on its website and mobile application looks as follows when compared to the actual item provided to customers:

**Steak & Cheese Advertisement**          **Actual Steak & Cheese Received**

 

5. Subway materially overstates the amount of meat in its advertisements for the Product by at least 200%.

6. Numerous other customers have complained on social media that Subway's advertisements for the Steak & Cheese sandwich are grossly misleading.

7. For example, a consumer posted the following approximately six months ago on Reddit[1]:



8. Another consumer posted the following Steak & Cheese sandwich and claimed it was not as expected when compared to the advertisement for the sandwich[2]:



---

[1] https://www.reddit.com/r/ExpectationVsReality/comments/1cb9rfe/at_a_local_subway_today/
[2] https://www.reddit.com/r/ExpectationVsReality/comments/pq4zm7/subway_steak_and_cheese/.

9. Subway also falsely advertises many other sandwiches, including the Cheesy Garlic Steak.

10. For example, a customer complained on Youtube that the Cheesy Garlic Steak "….looks really really skimpy compared to the picture…." and compared the advertisement to the sandwich as follows[3]:



11. Subway's advertisements for the Product are unfair and financially damaging to consumers as they are receiving a product that is materially lower in value than what is being represented.

12. Subway actions are especially concerning now that inflation, food, and meat prices are very high and many consumers, especially lower income consumers, are struggling financially.

13. Subway's promise to consumers of a large portion of food with their purchase is also causing consumers to come to, or order from, Subway restaurants and make purchases that they would not have otherwise made.

14. Subway advertisements are also causing consumers to take the time and expense to drive to and from Subway and/or pay pickup and/or delivery fees.

---

[3] See https://youtu.be/tB1zcN4b2yM?t=115.

15. Subway is also unfairly competing with restaurants that fairly advertise the size of their menu items.

16. Subway advertises larger portions of food to steer consumers to its restaurants for their meals and away from competitors that fairly advertise the size of their menu items, unfairly diverting sales that would have gone to competitors.

## PLAINTIFF'S ALLEGATIONS

17. On August 23, 2024, Plaintiff purchased a Steak & Cheese sandwich through Subway's mobile application for pickup at the Subway store located at 164-04 Jamaica Avenue, Jamaica, NY, for approximately $6.99 plus tax.

18. Plaintiff viewed the advertisements for the Steak & Cheese sandwich on Subway's mobile ordering application and relied on said photographs in choosing to purchase said sandwich.

19. After she picked up and began eating her sandwich, Plaintiff realized that there was barely any steak in the sandwich and that the photographs that she relied on were grossly misleading. Plaintiff's Steak & Cheese sandwich looked as follows:



5

20. Plaintiff expected that the Steak & Cheese sandwich that she ordered would contain a similar amount of meat as contained in the photograph for the Steak & Cheese sandwich on Subway's mobile ordering application.

21. However, the photograph for the Steak & Cheese sandwich on Subway's mobile ordering application contained well over 200% more meat than what was in the actual sandwich that Plaintiff received.

22. If Plaintiff knew that the Steak & Cheese sandwich contained substantially less than the amount of meat as advertised, she would not have purchased said sandwich.

## THE PARTIES

23. Plaintiff Anna Tollison is a resident of Queens, New York. During the Class Period (defined below), Ms. Tollison purchased the Product at issue at a Subway store located in Jamaica, New York, within the Court's district.

24. Defendant Subway Restaurants, Inc., is a Delaware corporation headquartered in the State of Connecticut, with its principal place of business at 325 Sub Way, Milford, CT 06461. Therefore, Defendant Subway Restaurants is a citizen of the states of Delaware and Connecticut. At all times relevant hereto, Defendant Subway Restaurants manufactured, mass marketed, sold, produced, and distributed the Product throughout the United States, including the State of New York.

25. Defendant Franchise World Headquarters, LLC, is a Connecticut limited liability corporation and is headquartered in the State of Connecticut, with its principal place of business at 325 Sub Way, Milford, CT 06461. Hence, Defendant Franchise World Headquarters is a citizen of the State of Connecticut. At all times relevant hereto, Defendant Franchise World Headquarters

manufactured, mass marketed, sold, produced, and distributed the Product throughout the United States, including the State of New York.

26. Defendant Subway Franchisee Advertising Trust Fund Ltd. is a Connecticut corporation headquartered in the State of Connecticut, with its principal place of business at 325 Sub Way, Milford, CT 06461. Thus, Defendant Subway Franchisee Advertising Trust Fund is a citizen of the State of Connecticut. At all times relevant hereto, Defendant Subway Franchisee Advertising Trust Fund Ltd. manufactured, mass marketed, sold, produced, and distributed the Product throughout the United States, including the State of New York.

## JURISDICTION AND VENUE

27. This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of New York and Defendants are citizens of the State of Delaware and are headquartered with their principal place of business in the state of Connecticut. The matter in controversy, which includes the purchase price for all sales of the Product through Subway's website or mobile ordering application, in the state of New York, during the past three years, exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

28. In addition, this Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. § 1332(a) because the matter in controversy, which includes Plaintiff's claims and the claims of the proposed class members, exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the states in which Defendants are citizens.

29. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Also, Defendants have used the laws within, and has done substantial business in, this judicial district in that they have promoted, marketed, distributed, and sold the Product at issue in this judicial district. Finally, there is personal jurisdiction over Defendants in this judicial district.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following class:

> All persons or entities that purchased a Steak & Cheese sandwich on Subway's website or mobile application, for pickup or delivery from a Subway store located in the state of New York, during the period between October 28, 2021, through the date of the final disposition of this action (the "Class").

31. Plaintiff reserves the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

32. Plaintiff reserves the right to establish additional subclasses as appropriate.

33. This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(2) and (b)(3), and satisfies the requirements thereof.

34. There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

35. The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single

action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

36. Plaintiff's claims are typical of the claims of the members of the Class whom she seeks to represent because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices by Defendants and have been damaged in the same manner.

37. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the Class that she seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

38. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

    a. The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

    b. If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

    c. Absent a class action, Defendants likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

39. Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

40. The common questions of fact include, but are not limited to, the following:

   d. Whether Defendants' advertisements are materially misleading;

   e. Whether Defendants engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

   f. Whether a reasonable consumer could be misled by Defendants' advertisements;

   g. Whether Defendants' advertisements violate N.Y. Gen. Bus. Law § 350;

   h. Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

41. In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

42. Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I
### Violation of New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349

43. Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

44. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . . ."

45. The conduct of Defendants alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the members of the Class seek monetary damages.

46. Defendants misleadingly, inaccurately, and deceptively present the Product to consumers.

47. Defendants' advertisements represent to consumers that the Product contain, at a minimum, 200% more meat than contained in the actual menu item customers receive.

48. Defendants' improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and the members of the Class to purchase and/or pay a premium for Defendants' Product when they otherwise would not have.

49. Defendants made their untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

50. Defendants' material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, Plaintiffs and all of members of the Class that purchased the Product were exposed to Defendants' material misrepresentations.

51. Plaintiffs and the members of the Class viewed and relied on the materially misleading photographs of the Product cited herein.

52. Plaintiff and the members of the Class expected that the Product that they purchased would contain a similar amount of meat as advertised.

53. Plaintiff and the members of the Class have been injured inasmuch as they received, at a minimum, 200% less than the amount of meat that was advertised.

54. Accordingly, Plaintiff and the members of the Class received less than what they bargained and/or paid for.

55. Plaintiff and the members of the Class suffered damages amounting to, at a minimum, the average price that Subway charges consumers for double the meat, the exact amount to be determined at trial.

56. Plaintiff and the members of the Class and Subclass also incurred monetary damages for the cost of traveling to, and from, the Subway locations where they made their purchases, and/or for the payment of tips and/or fees for delivery and/or pickup services.

57. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the members of the Class have been damaged thereby.

58. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the members of the Class are entitled to monetary, compensatory, and statutory damages, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per unit purchased pursuant to GBL § 349.

### COUNT II
### Violation of New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 350

59. Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

60. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment

opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

61. Defendants' advertisements contain untrue and materially misleading statements.

62. Defendants' advertisements represent to consumers that the Product contain, at a minimum, 200% more meat than contained in the actual menu item customers receive.

63. Defendants' advertisements are misleading in a material way in that they, *inter alia*, induced Plaintiff and the members of the Class to purchase and/or pay a premium for Defendants' Product when they otherwise would not have.

64. Defendants made their untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

65. Defendants' material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, Plaintiff, and all of members of the Class that purchased the Product, were exposed to Defendants' material misrepresentations.

66. Plaintiffs and the members of the Class viewed and relied on the materially misleading photographs of the Product, cited herein.

67. Plaintiffs and the members of the Class expected that the Product that they purchased would contain a similar amount of meat as advertised.

68. Plaintiff and the members of the Class have been injured inasmuch as they received, at a minimum, 200% less than the amount of meat that was advertised.

69. Accordingly, Plaintiff and the members of the Class and Subclass received less than what they bargained and/or paid for.

70. Plaintiff and the members of the Class suffered damages amounting to, at a minimum, the price that Subway charges consumers for double the meat, the exact amount to be determined at trial.

71. Plaintiff and the members of the Class also incurred monetary damages for the cost of traveling to and from the Subway locations where they made their purchases, and/or for the payment of tips and/or fees for delivery and/or pickup services.

72. As a result of Defendants' false advertising, Plaintiff and the members of the Class are entitled to monetary and compensatory damages, interest, and attorneys' fees and costs, as well as statutory damages of $500 per unit purchased pursuant to GBL § 350.

## **RELIEF REQUESTED**

73. Plaintiff, on behalf of herself and the members of the Class, seek judgment as follows:

A. Certifying the Class as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

B. Ordering that Defendant is financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

C. Awarding Plaintiff and the members of the Class statutory damages or compensatory damages in an amount according to proof at trial;

D. Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

E. Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

F. Directing such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all matters so triable.

Dated: October 28, 2024

                                           */s/ James C. Kelly*
                                           James C. Kelly, Esq.
                                           THE RUSSO FIRM
                                           244 5th Avenue, Suite K-278
                                           New York, NY 10001
                                           T: 212-920-5042
                                           E: jkelly@therussofirm.com

                                           Anthony Russo, Esq.
                                           THE RUSSO FIRM
                                           1001 Yamato Road, Suite 106
                                           Boca Raton, FL 33431
                                           T: 844-847-8300
                                           E: anthony@therussofirm.com

                                           *Counsel for plaintiff*
                                           *and the proposed class*